■ TELFORD HOME ASSISTANCE, INC., Doing Business as EXTENDED CARE, Respondent, v TPC HOME CARE SERVICES, INC., Doing Business as EXTENDED FAMILY CARE, Appellant. [621 NYS2d 636] —In an action to permanently enjoin the defendant from using the name "Extended Family Care", the defendant appeals from a judgment of the Supreme Court, Suffolk County (Henry, J.), dated August 31, 1994, which, upon an order of the same court dated July 26, 1994, granting the plaintiff's motion for summary judgment, *inter alia*, permanently enjoined the defendant and others from using the name "Extended Family Care" in Nassau and Suffolk Counties.

Ordered that the judgment is reversed, on the law, with costs, the order dated July 26, 1994, is vacated, and, upon searching the record, the defendant is granted summary judgment dismissing the complaint.

The parties are engaged in the business of providing health care services to Medicaid patients who are restricted to their homes, and obtain practically all of their patient referrals from the Nassau County Department of Social Services. In 1987 the plaintiff filed a Certificate of Assumed Name with the New York State Department of Health, indicating its intent to do business under the name "Extended Care". However, both its letterhead and its advertisements identify the

plaintiff as "Extended Care Health Services". The defendant has conducted its business under the name "Extended Family Care". By this action the plaintiff seeks to enjoin the defendant's continued use of the name "Extended Family Care", alleging that such conduct constitutes unfair competition and has resulted in injury to its business.

In order to sustain a common-law cause of action to recover damages for unfair competition through the use of a trade name, the plaintiff must establish that the defendant's acts "constituted an unfair appropriation or exploitation of any special quality attached to plaintiff's name" (Buffalo Packaging Corp. v Buff-Pac, Inc., 155 AD2d 877, 878). The plaintiff has failed to meet this burden, as the words "extended" and "care" are generic terms in the common domain, which lack any special qualities and merely describe the services provided by both parties (see, Sample, Inc. v Porrath, 41 AD2d 118, 122, affd 33 NY2d 961). In any event, there is no evidence in the record to support the conclusion that the plaintiff ever actually conducted business under the name "Extended Care". Thus, upon searching the record, the defendant is entitled to summary judgment dismissing the complaint. Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.