■ PATRICK MORGAN, Respondent, v STEVEN ROSSELLI, Appellant. [780 NYS2d 629]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated December 12, 2003, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were for summary judgment dismissing the causes of action based on Labor Law § 200 and common-law negligence and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff was injured during the course of his employment when he fell from the roof of a one-family modular home he was preparing to shingle. According to the defendant homeowner, when he purchased the land and the modular home, he and his wife intended to live there. However, he claimed that after the foundation was poured, they changed their minds. By the time the defendant contracted with the plaintiff's employer to "set" the house, his intention was to sell the finished product.

The plaintiff commenced this action against the owner asserting violations of Labor Law §§ 200, 240 (1), § 241 (6), and common-law negligence. The defendant moved for summary judgment on the basis that he neither directed nor controlled the work and was entitled to the one-family exemption to the strict liability provisions of the Labor Law (see Labor Law § 240 [1]; § 241). The plaintiff opposed the motion, contending that the defendant was not entitled to the exemption because at the time of the accident the defendant's purpose was to construct a new home for sale. Moreover, the plaintiff contended that the only showing that the defendant's initial subjective intent was to live in the house was the defendant's own claims in his self-serving affidavit.

The defendant met his initial burden of establishing a prima facie case entitling him to the exemption and to summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The Supreme Court properly determined that the plaintiff raised an issue of fact as to the applicability of the one-family homeowner exemption, which would not apply if the aim of the construction was to further a commercial enterprise (*see Van Amerogen v Donnini*, 78 NY2d 880, 882-883 [1991]; *Lawless v Kera*, 259 AD2d 596, 597 [1999]; *Lombardi v Stout*, 80 NY2d 290 [1992]).

While this determination required the denial of summary judgment on the Labor Law § 240 (1) and § 241 causes of action, the Supreme Court should have granted the motion with respect to the Labor Law § 200 and common-law negligence causes of action. The alleged dangerous condition arose from the contractor's methods and the owner exercised no supervision or control over the method or means by which the work was performed (*see Lombardi v Stout, supra* at 295). Ritter, J.P., Goldstein, Mastro and Fisher, JJ., concur.