■ TERRY DAVIS, Respondent, v FRANCES M. MALONEY, Appellant. [854 NYS2d 355]—

Plaintiff sustained personal injuries while working on a barn owned by defendant and located on a parcel adjacent to that on which defendant's one-family dwelling is located. Conflicting evidence as to whether the two parcels were separated by a fence and whether the barn was accessible only from a neighbor's road raise an issue of fact, improperly resolved by the motion court in plaintiff's favor, as to whether the barn should be considered part of the dwelling for purposes of the homeowner's exemption (*see Mandelos v Karavasidis*, 86 NY2d 767, 769 [1995]). Another issue of fact, as to whether defendant intended to use the barn for commercial purposes (*see id.*), is raised by a tax certificate she signed certifying that she was exempt from paying sales taxes on the materials and labor used to construct the barn because it was to be used predominantly in farm production or in a commercial horse boarding operation. While the certificate does not estop defendant from denying that she intended to use the barn commercially (*see Vick v Albert*, 47 AD3d 482 [2008]), it does constitute some evidence of such intention (*see Baje Realty Corp. v Cutler*, 32 AD3d 307, 310 [2006]), justifying the denial of her motion for summary judgment based on the homeowner exemption (*see Lombardi v Stout*, 80 NY2d 290, 297 [1992]; *Morgan v Rosselli*, 9 AD3d 417 [2004]). It does not avail defendant to assert that she and her husband ultimately decided not to follow through with the business of growing and selling hay. "[T]he use and purpose test must be employed on the basis of the homeowners' intentions at the time of the injury underlying the action . . . ." (*Allen v Fiori*, 277 AD2d 674, 675 [2000]; *compare Crowningshield v Kim*, 19 AD3d 975 [2005], *lv denied* 5 NY3d 711 [2005] [uncontradicted that barn, undergoing roof replacement at time of accident, was used for mixed commercial and residential purposes, entitling defendants to homeowner exemption even though their tax return depreciated the roof from which plaintiff slipped and fell], citing, inter alia, *Bartoo v Buell*, 87 NY2d 362, 368 [1996].) Concur—Saxe, J.P., Gonzalez, Buckley and Acosta, JJ.