■ CHRISTOS ANDREAS, Appellant, v CATSKILL MOUNTAIN LODGING, LLC, et al., Respondents, et al., Defendants. [875 NYS2d 141]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered September 14, 2007, as denied that branch of his motion which was for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against the defendants Catskill Mountain Lodging, LLC, and Yakov Bletnitsky, and (2) from so much of an order of the same court entered February 27, 2008, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered September 14, 2007 is dismissed, as that order was superseded by the order entered February 27, 2008, made upon reargument; and it is further,

Ordered that the order entered February 27, 2008 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff was injured during the course of his employment, when he fell from a scaffold that collapsed while he was using a nail gun in the construction of a one-family home. The plaintiff commenced this action against, among others, Catskill Mountain Lodging, LLC, and Yakov Bletnitsky (hereinafter together the respondents), to recover damages for negligence and for alleged violations of Labor Law §§ 200, 240 (1) and § 241 (6), and moved for summary judgment on the issue of liability against the respondents. The Supreme Court denied that branch of the motion which was for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against the respondents. Upon reargument, the Supreme Court adhered to its original determination, stating with respect to the question of whether the respondents were entitled to the homeowner's exemption under the statute, that "[a] triable issue of material fact was found to exist given the defendant Bletnitksky's testimony that he was ready to build a house for himself and that he had not talked about selling the subject house."

Labor Law § 240 imposes a nondelegable duty upon contractors and owners to provide scaffolding and other adequate and reasonable protection to persons employed in construction, excavation, or demolition. However, the owners of one- and two-family dwellings who do not direct or control the work are statutorily exempt from liability (see *Piedra v Matos*, 40 AD3d 610, 611 [2007]; *Roach v Hernandez*, 38 AD3d 743, 744 [2007]; *Ramirez v Begum*, 35 AD3d 578 [2006]; *Small v Gutleber*, 299 AD2d 536, 537 [2002]). The homeowner's exemption does not apply, however, where "the aim of the construction [is] to further a commercial enterprise" such as constructing a new home for sale (see *Morgan v Rosselli*, 9 AD3d 417, 419 [2004]).

The plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against the respondents by establishing that they were not entitled to the homeowner's exemption. The plaintiff submitted the affidavit of Jeff Prince, who attested that he was acting as the respondents' real estate broker with respect to the marketing and selling of the subject property during "various stages of construction," including those which "extended after the date" of the plaintiff's accident in 2005. In opposition, the respondents submitted, inter alia, the deposition testimony of Bletnitsky, who testified that he was having the house built for himself and that he did not have discussions with Prince with respect to selling the house until sometime in

2006. Accordingly, the Supreme Court properly determined that there were triable issues of fact as to whether the aim of the construction was to further a commercial enterprise (*see Morgan v Rosselli*, 9 AD3d 417, 418-419 [2004]; *Van Amerogen v Donnini*, 78 NY2d 880, 882-883 [1991]), such that the single-family homeowner's exemption would not apply, or whether that exemption should apply.

To the extent the plaintiff raises issues regarding that branch of his motion which was for summary judgment on the issue of liability on so much of the complaint as was to recover damages for negligence and alleged violations of Labor Law §§ 200 and 241 (6) insofar as asserted against the respondents, such issues are not properly before us as that branch of the motion remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

The plaintiff's remaining contention regarding alleged Industrial Code violations raised in his reply papers in connection with that branch of his motion addressed by the Supreme Court is not properly before this Court (*see Zezula v City of New York*, 19 AD3d 409, 411 [2005]). Skelos, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.