■ Michael Truppi, Respondent, v Leonardo Busciglio, Appellant. [905 NYS2d 291]—

Rose, J. Appeal from an order of the Supreme Court (Cahill, J.), entered April 23, 2009 in Ulster County, which partially denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was injured when his ladder slipped out from under

him while he was working on the roof of a house owned by defendant. He commenced this action against defendant alleging, among other things, violations of Labor Law § 240 (1) and § 241 (6). When defendant moved for summary judgment dismissing the complaint, Supreme Court found questions of fact as to the applicability of the dwelling-owner exemption and denied the motion as to these two claims. Defendant appeals, and we affirm.

The dwelling-owner exemption precludes liability against "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241 [6]; *see Bartoo v Buell*, 87 NY2d 362, 367 [1996]), but it is not available to an owner who uses or intends to use a dwelling only for commercial purposes (*see Lombardi v Stout*, 80 NY2d 290, 296-297 [1992]). Its application turns on the site and the purpose of the work (*see Bartoo v Buell*, 87 NY2d at 368; *Cannon v Putnam*, 76 NY2d 644, 650 [1990]; *Stone v Altarac*, 305 AD2d 849, 849-850 [2003]), a test which "must be employed on the basis of the homeowners' intentions at the time of the injury underlying the action and not their hopes for the future" (*Allen v Fiori*, 277 AD2d 674, 675 [2000]).

Here, there is conflicting evidence as to whether the work was being done to maintain the dwelling's use as defendant's home or for rental to others. Defendant submitted his own affidavit and the deposition testimony of himself, his girlfriend and his parents describing his past and planned use of the dwelling as his home. This evidence was sufficient to meet his burden to show that the renovations were being made to maintain the dwelling as his residence. In opposition, plaintiff submitted the affidavits of several persons, including himself, his employer and a police officer, who stated that defendant had told them that he resided in his parents' home nearby, that he intended to remain in their home after the renovations were completed and that he planned to rent the dwelling to others. Plaintiff and his employer also averred that they had never seen any evidence that defendant or his girlfriend resided in the dwelling. These affidavits contain relevant personal observations and their reports of defendant's statements are competent evidence admissible as party admissions (*see Bruenn v Pawlowski*, 292 AD2d 856, 857 [2002]; *Ede v Ede*, 193 AD2d 940, 941 [1993]; *Adams v Agrawal*, 187 AD2d 886, 887 [1992]; Prince, Richardson on Evidence §§ 8-201, 8-203 [Farrell 11th ed]). Thus, Supreme Court correctly found that they raise questions of fact as to the use of the dwelling during the renovations, the purpose of the work and defendant's intended use following renovation (*see*

*Mandelos v Karavasidis*, 86 NY2d 767, 769 [1995]; *Lombardi v Stout*, 80 NY2d at 297; *Ali v Olisa*, 194 AD2d 578, 579 [1993]).

Spain, J.P., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.