RICKY LANDON, Appellant-Respondent, v DUANE AUSTIN, Respondent-Appellant. [931 NYS2d 424]—

Egan Jr., J.

In October 2008, plaintiff sustained injuries to his right leg after falling from the roof of a single-family residence owned by defendant. Defendant had purchased the residence approximately one month earlier and was in the process of renovating the structure at the time of plaintiff's accident. On the day in question, defendant hired plaintiff to assist four other individuals temporarily employed by defendant's construction company to remove shingles from the roof and install a new vapor barrier and underlayment. As plaintiff neared the edge of the roof, the vapor barrier stuck to his shoe causing him to lose his balance and fall.

Plaintiff thereafter commenced this action against defendant alleging, among other things, violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and discovery, plaintiff moved for partial summary judgment on his Labor Law § 240 (1) claim, and defendant cross-moved for partial summary

judgment dismissing, insofar as is relevant here, plaintiff's Labor Law § 241 (6) claim. Supreme Court denied the respective motions, and these appeals ensued.

"Both Labor Law § 240 (1) and § 241 impose nondelegable duties upon contractors, owners and their agents to comply with certain safety practices for the protection of workers engaged in various construction-related activities" (*Lieberth v Walden*, 223 AD2d 978, 979 [1996] [citation omitted]; *accord Jenkins v Jones*, 255 AD2d 805, 805 [1998]; *see Kammerer v Baskewicz*, 257 AD2d 811, 811 [1999]). Although the Legislature has carved out an exemption for the "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241 [6]), this exemption does not apply to owners who use their residences "purely for commercial purposes" (*Lombardi v Stout*, 80 NY2d 290, 296 [1992]; *see Lenda v Breeze Concrete Corp.*, 73 AD3d 987, 989 [2010]; *Andreas v Catskill Mtn. Lodging, LLC*, 60 AD3d 604, 605 [2009]; *Morgan v Rosselli*, 23 AD3d 356, 356-357 [2005], *lv denied* 6 NY3d 705 [2006]). The availability of the exemption hinges upon "the site and the purpose of the work, a test which must be employed on the basis of the homeowners' intentions at the time of the injury underlying the action" (*Truppi v Busciglio*, 74 AD3d 1624, 1625 [2010] [internal quotation marks and citations omitted]; *see Lenda v Breeze Concrete Corp.*, 73 AD3d at 989; *Davis v Maloney*, 49 AD3d 385, 386 [2008]; *Allen v Fiori*, 277 AD2d 674, 674-675 [2000]).

Here, with regard to his Labor Law § 240 (1) claim, plaintiff submitted an excerpt from defendant's examination before trial testimony wherein defendant, when questioned regarding his plans for the residence, indicated that he intended to "[f]ix it up and sell it." As renovating a residence for resale or rental plainly qualifies as work being performed for a commercial purpose (*see Nudi v Schmidt*, 63 AD3d 1474, 1475-1476 [2009]; *Freeman v Advanced Design Prods., Inc.*, 27 AD3d 1112, 1112 [2006]; *cf. Lenda v Breeze Concrete Corp.*, 73 AD3d at 988-989; *Morgan v Rosselli*, 23 AD3d at 356-357), it was incumbent upon defendant, as the party seeking the shelter of the exemption, to come forward with an affidavit or other proof clarifying or qualifying his plans for the property at the time of plaintiff's accident (*see Lombardi v Stout*, 80 NY2d at 297; *Nudi v Schmidt*, 63 AD3d at 1476), thereby raising a question of fact in this regard (*see e.g. Lombardi v Stout*, 80 NY2d at 297; *Truppi v Busciglio*, 74 AD3d at 1625; *Andreas v Catskill Mtn. Lodging, LLC*, 60 AD3d at 605-606). This he failed to do. Accordingly, and in light of the fact that the record otherwise demonstrates

that defendant violated the statute by failing to provide plaintiff with any safety equipment and that such violation was a proximate cause of plaintiff's accident (*see e.g. Kindlon v Schoharie Cent. School Dist.*, 66 AD3d 1200, 1202-1203 [2009]), plaintiff is entitled to partial summary judgment as to his Labor Law § 240 (1) claim.*

Turning to defendant's cross motion seeking dismissal of plaintiff's Labor Law § 241 (6) claim, to the extent that plaintiff's papers may be read as alleging a violation of 12 NYCRR 23-1.7 (b) (1), we agree that this regulation is inapplicable to the facts of this case, as the edge of a roof does not qualify as a "hazardous opening" within the meaning of the cited provision (*cf. Pope v Safety & Quality Plus, Inc.*, 74 AD3d 1040, 1041 [2010], *lv dismissed* 15 NY3d 862 [2010]; *Garlow v Chappaqua Cent. School Dist.*, 38 AD3d 712, 714 [2007]). Plaintiff also relies, however, upon 12 NYCRR 23-1.24 (a) (1) (i), which requires that roofing brackets be used "whenever work is to be performed on any roof having a slope steeper than one in four inches unless crawling boards or approved safety belts are used." This regulation is sufficiently specific to support a Labor Law § 241 (6) claim (*see Tucker v Edgewater Constr. Co.*, 281 AD2d 865, 866 [2001]), and the record before us reveals a factual dispute as to the precise slope of the roof from which plaintiff fell (*compare D'Acunti v New York City School Constr. Auth.*, 300 AD2d 107, 107 [2002]). Hence, Supreme Court properly denied defendant's cross motion for partial summary judgment as to this particular cause of action.

Finally, the belated citation to the relevant regulation—made for the first time in an affidavit submitted by counsel in response to defendant's cross motion—is not fatal to plaintiff's Labor Law § 241 (6) claim (*see White v Farash Corp.*, 224 AD2d 978, 979 [1996]; *Pasquarello v Citicorp/Quotron*, 251 AD2d 477, 477 [1998]; *cf. Latino v Nolan & Taylor-Howe Funeral Home*, 300 AD2d 631, 633-634 [2002]), particularly given that it raises no new factual allegations or theories of liability and results in

---

* Defendant's assertion that he was deprived of an opportunity to rebut plaintiff's proof because he was unaware that plaintiff was contending that the homeowner's exemption was inapplicable in the first instance lacks merit. Although the parties' proof on this point primarily focused upon the "direction and control" aspect of the statutory exemption and did not extensively address the threshold issue of whether defendant's purportedly commercial use of the property precluded application of the exemption altogether, defendant's entitlement to the exemption clearly was in issue and, as noted previously, as the party seeking to invoke its protection, defendant bore the burden of establishing, among other things, that the roofing work performed by plaintiff was not being undertaken for a purely commercial purpose.

no discernible prejudice to defendant (*see Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 233 [2000]). The parties' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Spain, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for partial summary judgment as to his Labor Law § 240 (1) claim; motion granted; and, as so modified, affirmed.