Bruce Battease, Appellant, v Donald Harrington, Defendant, and James Butler et al., Respondents. [935 NYS2d 152]—

Kavanagh, J.

Plaintiff was employed by defendant Donald Harrington when he fell from a scaffold while working on a barn located on property owned by defendants James Butler and Marilyn Butler. Plaintiff commenced this action against Harrington and the Butlers, alleging that they failed to provide him with a safe work place in violation of Labor Law §§ 200, 240 (1) and § 241 (6). Plaintiff moved for partial summary judgment on his Labor Law § 240 (1) claim and, in response, the Butlers cross-moved for summary judgment dismissing the complaint against them on the ground that they were entitled to the homeowner exemption and, therefore, could not be held liable for plaintiff's injuries under the Labor Law. Supreme Court agreed with the Butlers, granted their cross motion for summary judgment and dismissed the complaint against them. Plaintiff now appeals.

The homeowner exemption provides that "owners of one and two-family dwellings who contract for but do not direct or control the work" will not be liable under Labor Law § 240 (1) or § 241 (6) for injuries incurred by workers on the work site (*Truppi v Busciglio*, 74 AD3d 1624, 1625 [2010] [internal quotation marks and citation omitted]; *see Lombardi v Stout*, 80 NY2d

290, 297 [1992]; *Landon v Austin*, 88 AD3d 1127, 1128 [2011]; *Crossett v Wing Farm, Inc.*, 79 AD3d 1334, 1335 [2010]). In our view, on the facts presented, the Butlers have not established as a matter of law that they are entitled to this exemption, and Supreme Court's order granting their cross motion for summary judgment must be reversed in this respect (*see Truppi v Busciglio*, 74 AD3d at 1625).

The Butlers would be entitled to the homeowner exemption if they can establish that the "site and purpose" of the work being performed by plaintiff when he was injured was for their residence and not for a commercial enterprise they operated on the premises (*see Bartoo v Buell*, 87 NY2d 362, 368 [1996]; *Allen v Fiori*, 277 AD2d 674, 674 [2000]). Here, plaintiff fell from a scaffold while he was putting siding on a barn that the Butlers used to store their personal belongings and was located on their property near their residence. Pens were attached to the barn that served as kennels for dogs that they bred and raised in connection with an enterprise they operated on the property entitled "Helderberg Husky Kennels." When he fell, plaintiff was installing siding to an area of the roof that extended from the barn which, according to James Butler, was designed to provide cover from the elements for the dogs that were housed in the kennels.

Supreme Court concluded that the work that plaintiff was performing on the barn when he was injured was done in connection with the Butlers' dog breeding enterprise and not as part of any effort to enhance their residential property. However, the court found that the homeowner exemption nevertheless applied because the Butlers had proven as a matter of law that their breeding and selling of these dogs was a hobby and not a commercial enterprise they operated on their property. We disagree. While the Butlers testified that all of the dogs on their property, including the 15 housed in the kennels, were pets, in our view, it is simply not possible on this record to conclude as a matter of law that these dogs were bred and sold as a hobby and not as part of a commercial venture that the Butlers operated out of the barn located on the premises. The fact that they created a separate business entity under which they bred and sold these dogs—and annually filed tax returns in which they offset income generated by this enterprise with expenses incurred in its daily operation—simply reinforces our conclusion that a question of fact exists that requires the denial of their cross motion for summary judgment based on the application of the homeowner exemption (*see Truppi v Busciglio*, 74 AD3d at 1625; *see also Andreas v Catskill Mtn. Lodging, LLC*,

60 AD3d 604, 605-606 [2009]; *Davis v Maloney*, 49 AD3d 385, 386 [2008]).

Rose, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motion of defendants James Butler and Marilyn Butler for summary judgment dismissing the complaint against them; motion denied; and, as so modified, affirmed.