Stein, J.
Appeal from an order of the Supreme Court (Melkonian, J.), entered December 23, 2011 in Ulster County, which granted defendants’ motion for summary judgment dismissing the complaint.
In September 2009, while working on a roof at defendants’ home, decedent tragically fell to his death. Plaintiff, the administrator of decedent’s estate, subsequently commenced this action against defendants alleging, among other things, violations of Labor Law §§ 240 (1) and 241 (6). Defendants then commenced a third-party action against decedent’s employer, Eric Rose, seeking indemnification or contribution. After discovery was conducted, defendants moved for, among other things, summary judgment dismissing the complaint claiming, as relevant here, that the homeowner’s exemption found in Labor Law §§ 240 (1) and 241 (6) applied. Supreme Court granted defendants’ motion and dismissed the complaint, prompting this appeal by plaintiff.
We affirm. The homeowner’s exemption precludes liability against “owners of one and two-family dwellings who contract for but do not direct or control the work” (Labor Law §§ 240 *1058 [1]; 241 [6]; see Bartoo v Buell, 87 NY2d 362, 367 [1996]; Van Hoesen v Dolen, 94 AD3d 1264, 1266 [2012], lv denied 19 NY3d 809 [2012]). Here, plaintiff does not dispute that defendants did not control the roof work, but claims that the property was used by defendants as a purely commercial enterprise. In this regard, we note that, “when an owner of a one- or two-family dwelling contracts for work that directly relates to the residential use of the home, even if the work also serves a commercial purpose, that owner is shielded by the homeowner exemption” (Bartoo v Buell, 87 NY2d at 368; see Truppi v Busciglio, 74 AD3d 1624, 1625 [2010]). When, as here, there are dual uses of a home, the availability of the exemption depends upon the site and purpose of the work performed (see Bartoo v Buell, 87 NY2d at 368; Stone v Altarac, 305 AD2d 849, 849-850 [2003]).
As the movants for summary judgment, defendants bore the initial burden of establishing, as a matter of law, that the homeowner’s exemption applied (see London v Austin, 88 AD3d 1127,1128 [2011]). In support of the motion, defendants submitted, among other things, their affidavits and deposition testimony, which established that they purchased the home in 2000 and have resided there since that time. The property is zoned residential and is unquestionably residential in nature— the first floor consists of a living room, kitchen, dining room and bathroom and the second floor has three bedrooms and another bathroom. There is also a room in the attic that is used by one of the defendants as a bedroom. The roof work was undertaken after water leaked into the attic where one of the defendants slept, and defendants paid for the roof work with their personal funds (compare Van Hoesen v Dolen, 94 AD3d at 1266). Based on the foregoing, defendants met their initial burden of establishing that the homeowner’s exemption applied, shifting the burden to plaintiff to demonstrate a triable issue of fact (see CPLR 3212 [b]; Cansdale v Conn, 63 AD3d 1622, 1623 [2009]).
In response to defendants’ motion, plaintiff points to the fact that defendants derive a stipend from allowing individuals to reside in their home and claims that the roof work benefitted a commercial enterprise, as a result of which the homeowner’s exemption is not applicable. While the material facts are not in dispute, we disagree with plaintiffs legal conclusion. In 2004, defendants became certified to operate a family care home under a program with the Office for People with Developmental Disabilities. Under this program, defendants have provided a residence to four individuals with disabilities in a family setting (see Mental Hygiene Law § 41.34) and receive a monthly stipend for the services they provide to each of the residents. However, *1059 defendants have resided in the home since they purchased it, did not make any renovations to the residence for the purpose of becoming family care providers and do not operate as a corporation, partnership or limited liability company. While defendants have received stipends for the care provided to the individuals in question and have used their residence to provide this care, plaintiff has failed to present any facts which would demonstrate that defendants’ receipt of these stipends transformed the residence into a purely commercial enterprise so as to render the homeowner’s exemption inapplicable (see Bartoo v Buell, 87 NY2d at 368; Castellanos v United Cerebral Palsy Assn. of Greater Suffolk, Inc., 77 AD3d 879, 880 [2010], lv denied 16 NY3d 704 [2011]; Crowningshield v Kim, 19 AD3d 975, 976-977 [2005], lv denied 5 NY3d 711 [2005]; Rivera v Revzin, 163 AD2d 896, 897 [1990], lv denied 79 NY2d 760 [1992]). Nor has plaintiff raised facts that would negate a showing by defendants that the site and purpose of the roof work was directly related to their residence. Accordingly, we are of the view that no issues of fact exist that would prevent a determination, as a matter of law, that the homeowner’s exemption applied (see Bartoo v Buell, 87 NY2d at 368-369; Allen v Fiori, 277 AD2d 674, 674 [2000]; Stone v Altarac, 305 AD2d at 849-850; cf. Battease v Harrington, 90 AD3d 1124, 1125 [2011]).
Moreover, the homeowner’s exemption “was enacted to protect those people who, lacking business sophistication, would not know or anticipate the need to obtain insurance to cover them against the absolute liability imposed by” the Labor Law (Lombardi v Stout, 80 NY2d 290, 296 [1992]; see Hook v Quattrociocchi, 231 AD2d 882, 883 [1996]). Defendants here met that description, and becoming licensed family care providers for four developmentally disabled individuals did not transform them into sophisticated business persons so as to render the homeowner’s exemption inapplicable. Accordingly, plaintiff has failed to raise any triable questions of fact, and Supreme Court properly granted defendants’ motion for summary judgment dismissing the complaint.
Peters, P.J., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.