■ CHRISTOPHER BAGLEY et al., Appellants, v LEA MOFFETT et al., Respondents. [969 NYS2d 184]—

---

Egan Jr., J. Appeal from an order of the Supreme Court (Platkin, J.), entered October 19, 2012 in Greene County, which granted defendants' motion for summary judgment dismissing the complaint.

In 2004, defendants, who are mother and daughter, purchased certain real property located in the Town of Windham, Greene County. The property in question is improved by a single-family residence, which defendants, who live in Bronx County, intended to use "as a vacation and seasonal home." In or about January 2008, defendants began operating a bed and breakfast on the property with six guest rooms available for rental on weekends in January and February and four days each week from May to October.

In September 2010, defendants' utility provider advised them that the existing electric meter, which was attached to a private utility pole located on defendants' property, needed to be removed and, in conjunction therewith, a new meter needed to be installed on the side of defendants' house. Defendants hired Holdridge Electric to accomplish this task, and plaintiff Christopher Bagley, then employed by Holdridge, and another worker were dispatched to defendants' premises to install the new electrical service. Part of the installation work required Bagley to ascend a ladder in order to disconnect the old service cable that was attached to the utility pole on defendants' property. As Bagley cut the last remaining wire, the pole snapped at its base, causing Bagley to fall to the ground and sustain various injuries.

Bagley and his spouse, derivatively, thereafter commenced this action against defendants alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), as well as common-law negligence. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion, and this appeal by plaintiffs ensued.[1]

Initially, we reject plaintiffs' assertion that defendants' motion was procedurally defective. Defendants' motion papers included a copy of the complaint and the answer and, therefore, defendants complied with the requirements of CPLR 3212 (b)

---

1. Plaintiffs have not briefed Supreme Court's dismissal of their Labor Law § 200 and common-law negligence claims and, therefore, we deem any challenge in this regard to be abandoned (*see Randall v Time Warner Cable, Inc.*, 81 AD3d 1149, 1150 n [2011]).

by tendering the relevant pleadings (*see* CPLR 3011; *compare Bonded Concrete v Town of Saugerties*, 3 AD3d 729, 730 [2004], *lv dismissed* 2 NY3d 793 [2004]). Moreover, the record before us is sufficiently complete to enable us to address the merits (*see Crossett v Wing Farm, Inc.*, 79 AD3d 1334, 1335 [2010]).

In this regard, although "[b]oth Labor Law § 240 (1) and § 241 impose nondelegable duties upon contractors, owners and their agents to comply with certain safety practices for the protection of workers engaged in various construction-related activities . . . [,] the Legislature has carved out an exemption for the owners of one and two-family dwellings who contract for but do not direct or control the work" (*Landon v Austin*, 88 AD3d 1127, 1128 [2011] [internal quotation marks and citations omitted]; *see Sanchez v Marticorena*, 103 AD3d 1057, 1057 [2013]; *Battease v Harrington*, 90 AD3d 1124, 1124 [2011]). That exemption, however, "is not available to an owner who uses or intends to use [the] dwelling only for commercial purposes" (*Truppi v Busciglio*, 74 AD3d 1624, 1625 [2010]; *see Lombardi v Stout*, 80 NY2d 290, 296 [1992]; *Landon v Austin*, 88 AD3d at 1128). If it is established that the property has both a residential and a commercial use, "the availability of the exemption [then] depends upon the site and purpose of the work performed" (*Sanchez v Marticorena*, 103 AD3d at 1058; *see Stone v Altarac*, 305 AD2d 849, 849 [2003]).

As the parties seeking the shelter of the statutory exemption, defendants had to establish—as a threshold matter—that the property was not being used solely for commercial purposes at the time of Bagley's accident (*see* Labor Law §§ 240 [1]; 241 [6]; *Landon v Austin*, 88 AD3d at 1128; *see also Nai Ren Jiang v Shane Yeh*, 95 AD3d 970, 971 [2012]; *Szczepanski v Dandrea Constr. Corp.*, 90 AD3d 642, 643 [2011]). This they failed to do. Although defendants' affidavits indeed addressed their intended residential use of the property "as a vacation and seasonal home" at the time of its purchase in 2004, those same affidavits were silent as to whether defendants intended—or did in fact continue—to use the property as their residence after they began operating a bed and breakfast at the premises in 2008 (other than to the extent necessary to provide services for their paying guests) (*cf. Landon v Austin*, 88 AD3d at 1128; *compare Sanchez v Marticorena*, 103 AD3d at 1058-1059).[2] Similarly, although defendants averred that they "spen[t] long weekends and the summer months at the home" following its purchase in 2004, it is not at all clear from defendants' submissions that

2. As noted previously, the record reflects that defendants live in Bronx County.

this practice continued—other than to carry out the property's commercial use—after they began operating the bed and breakfast at that location in 2008. Under these circumstances, we find that defendants failed to demonstrate their entitlement to the homeowners' exemption as a matter of law (*see Battease v Harrington*, 90 AD3d at 1124-1125; *cf. Truppi v Busciglio*, 74 AD3d at 1625-1626) and, therefore, Supreme Court erred in granting defendants summary judgment dismissing plaintiffs' Labor Law §§ 240 and 241 causes of action.

Peters, P.J., Lahtinen and Stein, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted that part of defendants' motion for summary judgment dismissing the Labor Law §§ 240 and 241 causes of action; motion denied to that extent; and, as so modified, affirmed.