■ MARTIN VOGLER SR., Respondent, v JEAN PAUL PERRAULT, Appellant. [52 NYS3d 544]—

McCarthy, J.P. Appeal from an order of the Supreme Court (Meddaugh, J.), entered November 18, 2015 in Sullivan County, which denied defendant's motion for summary judgment dismissing the complaint.

In October 2013, plaintiff was injured when he fell from a ladder while performing work on the exterior of a house owned by defendant. Plaintiff thereafter commenced this action against defendant, alleging violations of Labor Law §§ 200, 240 and 241, as well as common-law negligence. Following joinder of issue and discovery, defendant moved for, among other things, summary judgment dismissing the complaint. Supreme Court denied defendant's motion, finding that triable issues of fact existed as to the applicability of the homeowner's exemption to plaintiff's Labor Law §§ 240 and 241 claims, as well issues of fact as to plaintiff's Labor Law § 200 and common-law negligence claims. Defendant appeals.

"Although Labor Law §§ 240 (1) and 241 each 'impose non-delegable duties upon contractors, owners and their agents to comply with certain safety practices for the protection of workers engaged in various construction-related activities . . . [,] the Legislature has carved out an exemption for the owners of one and two-family dwellings who contract for but do not direct or control the work' " (*Bombard v Pruiksma*, 110 AD3d 1304, 1305 [2013], quoting *Bagley v Moffett*, 107 AD3d 1358, 1360 [2013] [citations omitted]; *see Affri v Basch*, 13 NY3d 592, 595 [2009]). The exemption stems from the legislative determination "that the typical homeowner is no better situated than the hired worker to furnish appropriate safety devices and to procure suitable insurance protection" (*Bartoo v Buell*, 87 NY2d 362, 367 [1996]; *see Cannon v Putnam*, 76 NY2d 644, 649 [1990]). The exemption does not "encompass homeowners who use their one or two-family premises entirely and solely for commercial purposes" (*Van Amerogen v Donnini*, 78 NY2d 880, 882 [1991]; *see Sweeney v Sanvidge*, 271 AD2d 733, 734 [2000],

*lv dismissed* 95 NY2d 931 [2000]). In this regard, "renovating a residence for resale or rental plainly qualifies as work being performed for a commercial purpose" (*Landon v Austin*, 88 AD3d 1127, 1128 [2011]; *see Lombardi v Stout*, 80 NY2d 290, 297 [1992]). The relevant inquiry is " 'the homeowners' intentions at the time of the injury underlying the action' " (*Landon v Austin*, 88 AD3d at 1128, quoting *Truppi v Busciglio*, 74 AD3d 1624, 1625 [2010]).

Supreme Court properly denied defendant's motion for summary judgment on the Labor Law §§ 240 and 241 claims. Despite defendant's submissions indicating that he intended to use the house, at least in part, as his own residence, defendant also submitted the deposition of plaintiff, who testified that defendant had told him that he planned to rent both halves of the two-family home.* Thus, defendant's submissions, when viewed in the light most favorable to the nonmoving party, failed to meet his prima facie burden of establishing his entitlement to the homeowner's exemption (*see Batzin v Ferrone*, 140 AD3d 1102, 1104 [2016]; *Bagley v Moffett*, 107 AD3d at 1360-1361; *see generally Landon v Austin*, 88 AD3d at 1128; *Truppi v Busciglio*, 74 AD3d at 1625). As defendant failed to meet this burden, we need not consider plaintiff's opposition papers (*see Batzin v Ferrone*, 140 AD3d at 1104).

We reach a similar conclusion in regard "to plaintiff's Labor Law § 200 claim, which codifies the common-law duty of owners and general contractors to maintain a safe construction site" (*Peck v Szwarcberg*, 122 AD3d 1216, 1219 [2014] [internal quotation marks and citation omitted]). Where, as here, the injured worker contends that the underlying "accident arose not from the manner in which the work was performed, but rather from an allegedly dangerous condition at the work site, liability for a violation of Labor Law § 200 and common-law negligence will be imposed if the property owner created the condition or had actual or constructive notice of it, and failed to remedy the condition within a reasonable amount of time" (*Harrington v Fernet*, 92 AD3d 1070, 1071 [2012] [internal quotation marks and citation omitted]; *see Edick v General Elec. Co.*, 98 AD3d 1217, 1218 [2012]; *Beadleston v American Tissue Corp.*, 41 AD3d 1074, 1076-1077 [2007]). According to

---

* Contrary to defendant's contention that plaintiff's testimony is hearsay that ought not be considered, "admissions by a party of any fact material to the issue are always competent evidence against him [or her], wherever, whenever or to whomsoever made" (*Reed v McCord*, 160 NY 330, 341 [1899]; *see Gangi v Fradus.*, 227 NY 452, 456 [1920]; *Truppi v Busciglio*, 74 AD3d at 1625).

plaintiff's deposition testimony, defendant created the dangerous condition that caused his fall and failed to remedy it despite plaintiff's complaints. More specifically, and according to plaintiff, defendant supplied plaintiff with a ladder that was too short for the fascia project that defendant had asked him to complete and, despite plaintiff voicing his concerns about the ladder, defendant told plaintiff that the project needed to be completed before plaintiff left that day. Plaintiff further testified that defendant thereafter held the same ladder that plaintiff had indicated was too short while plaintiff climbed it and then reached to attempt the fascia work before falling. Considering the foregoing, and viewing the evidence in the light most favorable to plaintiff, defendant failed to meet his initial burden inasmuch as he failed to establish that he did not create or have actual notice of the dangerous condition of the inadequately short ladder or that he had an inadequate opportunity to remedy said condition. Accordingly, Supreme Court also properly denied defendant's motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims (*see Card v Cornell Univ.*, 117 AD3d 1225, 1227 [2014]; *Edick v General Elec. Co.*, 98 AD3d at 1219; *Harrington v Fernet*, 92 AD3d at 1072; *Chowdhury v Rodriguez*, 57 AD3d 121, 132 [2008]; *Wolfe v KLR Mech., Inc.*, 35 AD3d 916, 919 [2006]). Defendant's alternative argument that he is entitled to dismissal of these claims because plaintiff was the sole proximate cause of his accident is improperly raised for the first time on appeal and, in any event, lacks merit (*see Ervin v Consolidated Edison of N.Y.*, 93 AD3d 485, 485 [2012]).

Garry, Rose, Mulvey and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.