Abreu v Rodriguez (2021 NY Slip Op 03890)





Abreu v Rodriguez


2021 NY Slip Op 03890


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

531555
[*1]Daniel Abreu, Respondent,
v
Jose Rodriguez et al., Appellants. (And a Third-Party Action.)

Calendar Date:April 20, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ. 

Smith Dominelli & Guetti LLC, Albany (Christopher A. Guetti of counsel), for appellants.
Proner & Proner, New York City (Tobi R. Salottolo of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Hartman, J.), entered May 19, 2020 in Albany County, which, among other things, partially granted plaintiff's cross motion for summary judgment.
On November 29, 2017, plaintiff, a construction site worker employed by third-party defendants, sustained injuries when he fell from an allegedly defective aluminum ladder owned by defendants while performing work at defendants' residence. Plaintiff commenced this action against defendants in March 2018, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). Defendants answered and subsequently commenced a third-party action against third-party defendants, who defaulted. Following discovery, defendants moved for summary judgment dismissing the complaint and plaintiff thereafter cross-moved for summary judgment. Supreme Court, among other things, determined that defendants failed to present prima facie evidence that would entitle them to summary judgment on plaintiff's common-law negligence and Labor Law § 200 claims and, accordingly, denied that portion of defendants' motion.[FN1] As to plaintiff's cross motion, the court determined that plaintiff established that his injury resulted from his use of a defective aluminum ladder that defendants owned and knew to be unsafe, thereby shifting the burden to defendants to raise an issue of fact. Finding that defendants failed to raise an issue of fact, the court granted plaintiff's cross motion for summary judgment on the common-law negligence and Labor Law § 200 claims. Defendants appeal.
Supreme Court properly granted plaintiff summary judgment on the common-law negligence and Labor Law § 200 claims. "Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (Stewart v ALCOA, Inc., 184 AD3d 1057, 1058 [2020] [internal quotation marks and citations omitted]; see Doskotch v Pisocki, 168 AD3d 1174, 1177 [2019]). "Where, as here, the injured worker contends that the underlying accident arose not from the manner in which the work was performed, but rather from an allegedly dangerous condition at the work site, liability for a violation of Labor Law § 200 and common-law negligence will be imposed if the property owner created the condition or had actual or constructive notice of it, and failed to remedy the condition within a reasonable amount of time" (Vogler v Perrault, 149 AD3d 1298, 1299 [2017] [internal quotation marks and citations omitted]; see Stewart v ALCOA, Inc., 184 AD3d at 1058).
According to plaintiff, defendant Jose Rodriguez created the dangerous condition that caused plaintiff's fall. More specifically, and according to plaintiff, the day of the fall, plaintiff was assigned the task of closing up a hole in the basement ceiling where a staircase had been removed. In order to complete this task, plaintiff had to use an aluminum ladder supplied by Rodriguez. [*2]While standing on the ladder, it collapsed, causing defendant to fall and injure himself. Post-accident photographs of the ladder showed that the sides of the ladder had buckled. Plaintiff averred that no one, including Rodriguez, told him that the ladder was unsafe or that he should not use it. During Rodriguez's deposition, he readily admitted that he owned the ladder from which plaintiff fell and that he had informed plaintiff and plaintiff's employer that they could use anything that was in Rodriguez's garage, which is where the ladder was kept. Rodriguez averred that he was aware that plaintiff was using the ladder. Rodriguez also admitted that the ladder was "not safe" and stated that he told "them" it was not safe and did not deny that he nevertheless allowed the workers to use it. Based on the foregoing, and viewing the evidence in the light most favorable to defendants, plaintiff met his initial burden as he established that Rodriguez had actual or constructive notice of the dangerous condition of the ladder, which he owned, and failed to remedy it despite his ability to do so (cf. Vogler v Perrault, 149 AD3d at 1300). Defendants failed to raise a triable issue in response (compare Chowdhury v Rodriguez, 57 AD3d 121, 132 [2008]), thus, plaintiff was properly granted summary judgment on his common-law negligence and Labor Law § 200 claims.
To the extent that defendants argue that plaintiff was not entitled to summary judgment because Rodriguez did not exercise supervisory control over the work, this assertion lacks merit as plaintiff's use of the defective ladder provided by Rodriguez "is considered part of the overall condition of the premises, [thus] the focus should not be on supervision and control over the manner of the work" (Chowdhury v Rodriguez, 57 AD3d at 129). Given this determination, defendants' remaining contentions have been rendered academic.
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that that the order is affirmed, with costs.



Footnotes

Footnote 1: Supreme Court did, however, grant that part of defendants' motion that sought summary judgment dismissing plaintiff's Labor Law §§ 240 (1) and 241 (6) claims, which determination plaintiff does not dispute.