Hawver v Steele (2022 NY Slip Op 02322)

Hawver v Steele

2022 NY Slip Op 02322

Decided on April 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 7, 2022

532898
[*1]Scott A. Hawver et al., Appellants,
v
Laura T. Steele et al., Respondents.

Calendar Date:February 16, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Metzger Injury Law, Poughkeepsie (David L. Steinberg of McCabe, Coleman, Ventosa & Patterson, PLLC, Poughkeepsie, of counsel), for appellants.
McCabe & Mack LLP, Poughkeepsie (Nicholas Tarkazikis of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Zwack, J.), entered January 29, 2021 in Columbia County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.
Plaintiff Scott A. Hawver was injured when barn doors fell, striking him on the right shoulder and back while he was delivering sheetrock to property owned by defendants. Hawver and his spouse, derivatively, commenced this action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint, and plaintiffs thereafter cross-moved for partial summary judgment as to their claims of common-law negligence and violations of Labor Law §§ 200 and 240 (1). Supreme Court granted defendants' motion and dismissed the complaint finding that, with respect to common-law negligence and Labor Law § 200, the barn doors were not inherently dangerous and that, with respect to Labor Law §§ 240 (1) and 241 (6), defendants are entitled to the homeowner exemption. As a result, Supreme Court denied plaintiffs' cross motion for partial summary judgment. Plaintiffs appeal.[FN1]
Plaintiffs contend that Supreme Court erred in granting defendants' motion for summary judgment because there are triable issues of fact. We agree. The appellate standards for reviewing a summary judgment motion are well established (see e.g. Abreu v Rodriguez, 195 AD3d 1277, 1278-1279 [2021]; Mister v Mister, 188 AD3d 1334, 1334-1335 [2020]). "In order to establish a prima facie entitlement to judgment as a matter of law, [the] defendants are required to tender sufficient, competent, admissible evidence demonstrating the absence of any genuine issue of fact" (Myers v Home Energy Performance by Halco, 188 AD3d 1327, 1328-1329 [2020] [internal quotation marks and citations omitted]; see Dunham v Ketco, Inc., 135 AD3d 1032, 1033 [2016]). Addressing first plaintiffs' common-law negligence and Labor Law § 200 claims, "Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (Edwards v State Univ. Constr. Fund, 196 AD3d 778, 780 [2021] [internal quotation marks and citations omitted]; see Wiley v Marjam Supply Co., Inc., 166 AD3d 1106, 1109 [2018], lv denied 33 NY3d 908 [2019]). "Where, as here, the injured worker contends that the underlying accident arose not from the manner in which the work was performed, but rather from an allegedly dangerous condition at the work site, liability for a violation of Labor Law § 200 and common-law negligence will be imposed if the property owner created the condition or had actual or constructive notice of it, and failed to remedy the condition within a reasonable amount of time" (Abreu v Rodriguez, 195 AD3d at 1278-1279 [internal quotation marks and citations omitted]; Mister v Mister, 188 AD3d at 1334; Vogler v Perrault, 149 [*2]AD3d 1298, 1299 [2017]).
In support of their motion, defendants offered, among other things, the deposition testimony of Hawver and defendant John R. Esposito. Hawver testified that he was employed as a delivery driver at the time of the accident and that his duties included unloading the contents of a delivery at a customer's location, in this case, sheetrock at a barn located on defendants' property. Hawver and his coworker entered the barn, spoke to several men who were installing sheetrock and thereafter moved the truck around to the side of the building where its double doors were situated. As Hawver was preparing to unload the sheetrock, the doors, which were elevated and described by him as "big and heavy," fell on him, causing injury. At the time of the accident, the doors were being restored and, as such, were not on hinges and were secured only by wooden wedges.
Esposito testified that he is employed as both a professional musician and a university professor, that the barn was being renovated to provide a "raw workspace" consisting of a music studio for him and a photography workspace for his wife. He confirmed that he did not witness the accident, nor was he present at the barn at the time that the accident happened. However, he stated that he subsequently learned of the accident from his sheetrock contractor, who informed him that the doors had fallen after being knocked by one of the workers. He admitted that he had been advised not to use the doors by the contractor responsible for restoring them and that, at some point over the course of the construction, the contractor had posted a note on the interior of the door advising same.[FN2] Finally, he described the doors as being heavily wedged and "really, really heavy." Based on the foregoing, and viewing the evidence in the light most favorable to plaintiffs, defendants failed to meet their initial burden as their own proof reveals disputable triable issues as to whether the unhinged barn doors fell as a result of the actions of an intervening third party, may have constituted a dangerous condition, and whether the use of the wooden wedges was sufficient to guard against the barn doors falling.
Initially, defendants offer only hearsay evidence in support of their contention that the doors fell as a result of the actions of an intervening third party over whom they had no control. Such evidence is not competent to support the motion (see CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Durr v Capital Dist. Transp. Auth., 198 AD3d 1238, 1239 [2021]). Moreover, while defendants contend that the condition of the doors was not dangerous, they have failed to proffer any evidence to that effect other than Esposito's conclusory and hearsay statements (see Ryan v Cenci, 95 AD2d 963, 964 [1983]; Phillips v Flintkote Co., Glens Falls Portland Cement Div., 89 AD2d 724, 725 [1982]). Nor are we persuaded by defendants' contention that the open and obvious nature of [*3]the condition of the doors negates any liability on their part. "The fact that a dangerous condition is open and obvious does not relieve [defendants] of all duty to maintain [their] premises in a reasonably safe condition" (Mister v Mister, 188 AD3d at 1334 [internal quotation marks and citations omitted]). Accordingly, Supreme Court erred in granting defendants' motion for summary judgment dismissing plaintiffs' common-law negligence and Labor Law § 200 claims. Moreover, given that these issues of fact exist, Supreme Court properly denied plaintiff's cross motion for partial summary judgment on these claims.
We agree with plaintiffs that Supreme Court also erred in granting that portion of defendants' motion for summary judgment dismissing the Labor Law § 240 (1) claim. "As relevant here, liability under Labor Law § 240 (1) arises when a worker's injuries are the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Begeal v Jackson, 197 AD3d 1418, 1418 [2021] [internal quotation marks, brackets and citations omitted]; see Wright v Ellsworth Partners, LLC, 143 AD3d 1116, 1117-1118 [2016]). "[I]n determining whether an elevation differential is physically significant or de minimis, we must consider not only the height differential itself, but also the weight of the falling object and the amount of force it was capable of generating, even over the course of a relatively short descent" (Wright v Ellsworth Partners, LLC, 173 AD3d 1409, 1409 [2019] [internal quotation marks, brackets and citation omitted], lv denied 34 NY3d 907 [2019]; see Runner v New York Stock Exch., Inc., 13 NY3d 599, 605 [2009]). Although Labor Law § 240 (1) imposes a nondelegable duty upon owners to protect workers engaged in construction-related activities, "the Legislature has carved out an exemption for the owners of one and two-family dwellings who contract for but do not direct or control the work" (Pelham v Moracco, LLC, 172 AD3d 1689, 1690 [2019] [internal quotation marks and citations omitted]; see Labor Law § 240 [1]; Sanchez v Marticorena, 103 AD3d 1057, 1057 [2013]). "That exemption, however, is not available to an owner who uses or intends to use the dwelling only for commercial purposes" (Bagley v Moffett, 107 AD3d 1358, 1360 [2013] [internal quotation marks, brackets and citations omitted]; see Feilen v Christman, 135 AD3d 1130, 1130 [2016], lv denied 27 NY3d 903 [2016]).
As a threshold matter, defendants, as the parties seeking the benefit of the statutory exemption, had the burden of establishing that the property was not being used solely for commercial purposes at the time of Hawver's accident (see Bagley v Moffett, 107 AD3d at 1360). This they failed to do. Esposito's deposition testimony established that he is a professional musician and that the structure was being altered to use as a music studio and a photography workspace. Moreover, defendants failed to [*4]submit an affidavit addressing whether they intended to use the structure for commercial or noncommercial purposes. In these circumstances, we find that defendants failed to demonstrate their entitlement to the homeowner exemption as a matter of law and that a question of fact exists regarding the application of the homeowner exemption (see Battease v Harrington, 90 AD3d 1124, 1125 [2011]; Landon v Austin, 88 AD3d 1127, 1128 [2011]). Next, there is insufficient evidence to determine from the present record whether Hawver's injuries arose from a physically significant elevation differential, as there is no indication of Hawver's height, the weight of the doors, how far the doors fell or the amount of force that the doors generated when falling (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 9-10 [2011]; Runner v New York Stock Exch., Inc., 13 NY3d at 605; Wright v Ellsworth Partners, LLC, 143 AD3d at 1119; Scribner v State of New York, 130 AD3d 1207, 1209 [2015]). Given that questions of fact exist regarding plaintiffs' claim alleging a violation of Labor Law § 240 (1), we find that Supreme Court erred in granting defendants' motion for summary judgment dismissing this claim and properly denied plaintiffs' cross motion for partial summary judgment as to this claim (see Vogler v Perrault, 149 AD3d at 1300; Edick v General Elec. Co., 98 AD3d 1217, 1219 [2012]).
Egan Jr., J.P., Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 240 (1) causes of action; motion denied to said extent; and, as so modified, affirmed.

Footnotes

Footnote 1: Plaintiffs do not challenge Supreme Court's dismissal of their cause of action alleging a violation of Labor Law § 241 (6).

Footnote 2: It is unknown if this note was attached to the doors on the day of Hawver's injuries.