Whiting v Nau (2022 NY Slip Op 06976)

Whiting v Nau

2022 NY Slip Op 06976

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

534688
[*1]Alan Whiting, Appellant-Respondent,
v
Todd Nau et al., Respondents- Appellants.

Calendar Date:October 14, 2022

Before:Garry, P.J., Egan Jr., Clark, Ceresia and Fisher, JJ.

Stanley Law Offices, Syracuse (Thomas P. Welch of counsel), for appellant-respondent.
Mark D. Goris, Cazenovia, for respondents-appellants.

Clark, J.
Cross appeals from an order of the Supreme Court (Joseph A. McBride, J.), entered January 24, 2022 in Tompkins County, which, among other things, denied plaintiff's motion for partial summary judgment.
Defendants Todd Nau and Scott Dolphin owned and lived on a property in the Village of Trumansburg, Tompkins County that included a home and a two-story barn. Defendants hired plaintiff's employer to renovate the barn into living spaces, and plaintiff was assigned to work on the project. In September 2018, after the appropriate ladder was unavailable, plaintiff crafted an elevated walk board to allow him to reach the ceiling above a stairwell. When the walk board collapsed while plaintiff was standing on it, plaintiff suffered an injury to his ankle.
In April 2019, plaintiff commenced the instant action against defendants alleging violations of Labor Law §§ 200, 240 (1) and 241 (6) as well as a cause of action for common-law negligence. After joinder of issue and discovery, plaintiff moved for partial summary judgment, alleging that defendants were strictly liable pursuant to Labor Law § 240 (1). Defendants cross-moved for summary judgment dismissing the complaint. Supreme Court partially granted defendants' cross motion, dismissing the claims for common-law negligence and for alleged violations of Labor Law § 200 because "it [was] undisputed that [d]efendants did not supervise the work nor control the manner and means of [p]laintiff's work." The court otherwise denied both motions because it found that there were material questions of fact as to whether defendants were entitled to the homeowners' exemption under Labor Law §§ 240 (1) and 241 (6). The parties cross-appeal from the denial of their respective motions.[FN1]
"Although both Labor Law § 240 (1) and § 241 impose nondelegable duties upon contractors, owners and their agents to comply with certain safety practices for the protection of workers engaged in various construction-related activities, the Legislature has carved out an exemption for the owners of one[-] and two-family dwellings who contract for but do not direct or control the work" (Pelham v Moracco, LLC, 172 AD3d 1689, 1690 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]; see Vogler v Perrault, 149 AD3d 1298, 1298 [3d Dept 2017]). Further, a homeowner who uses their entire one- or two-family dwelling "purely for commercial purposes" is not entitled to claim the exemption (Lombardi v Stout, 80 NY2d 290, 296 [1992]; see Van Amerogen v Donnini, 78 NY2d 880, 882-883 [1991]). When a residence serves dual residential and commercial uses, "the availability of the exemption depends upon the site and purpose of the work performed" (Sanchez v Marticorena, 103 AD3d 1057, 1058 [3d Dept 2013]).
Initially, because plaintiff does not challenge Supreme Court's finding that defendants did not direct or control plaintiff's work — a finding that the record supports — we focus our attention on whether defendants are entitled [*2]to the homeowners' exemption as a matter of law. In support of his motion, plaintiff presented his own deposition testimony, the deposition testimony of Matthew Rejman (the employer's owner) and Nau, as well as other documentary evidence. Dolphin's social media posts showed that he represented that the remodeled barn would be used to provide rentals through Airbnb. Plaintiff, who was only at the job site for a week before he was hurt, expressed some lack of familiarity with the number of separate units being built in the barn — just that there were multiple rooms per floor. Plaintiff was also unaware of the intended purpose of the barn remodel, except that he had heard other employees comment that the owners planned to use it as an Airbnb rental. Plaintiff and Rejman consistently testified that the appropriate ladder was unavailable for plaintiff's use, and that plaintiff suffered an injury as a result of a fall from a height between 8 and 12 feet. Rejman and Nau both testified that Rejman was hired to build a two-bedroom apartment on the second floor of the barn and a studio apartment on the first floor. Both agreed that defendants planned to reside in the second-floor apartment, and that defendants planned, at least tentatively, to use the first-floor apartment as a rental unit, possibly through Airbnb. Although Nau initially acknowledged that the entrance vestibule contained three internal doors that led to three separate units in the barn, he then asserted that two of the doors led to the same first-floor unit. As of the deposition, Nau testified that he and Dolphin resided in the second-floor apartment but continued to operate as a single-family unit with their adult children, who resided in the main home. Nau also testified that defendants had rented out the first-floor studio apartment on a month-to-month basis. In support of their motion, defendants submitted the same deposition testimony of plaintiff, Nau and Rejman, as well as the deposition of Dolphin and an affidavit by Nau. Dolphin admitted that they had received three certificates of occupancy, but he explained that the third certificate pertained to a deck that was accessible through the second-floor apartment.
Upon the evidence presented, Supreme Court found that neither party met their prima facie burden of establishing proof on their motions for summary judgment, and we agree. The record leaves unanswered material questions of fact, including but not limited to, the number of units in the renovated barn, whether the property functioned as a one- or two-family dwelling, and whether defendants intended to use the renovated barn for a purely commercial purpose (see Hawver v Steele, 204 AD3d 1125, 1129 [3d Dept 2022]; Vogler v Perrault, 149 AD3d at 1299; Battease v Harrington, 90 AD3d 1124, 1125 [3d Dept 2011]; Small v Gutleber, 299 AD2d 536, 537 [2d Dept 2002], lv denied 2 NY3d 702 [2004]). Therefore, we cannot determine whether the homeowners' exemption applies as a matter of law[*3].
The parties' remaining arguments, to the extent not expressly addressed, have been considered and found to be without merit.
Garry, P.J., Egan Jr., Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Plaintiff did not appeal from the portion of the order that dismissed his claims for common-law negligence and for alleged violations of Labor Law § 200.