■ MICHAEL G. KOEN, an Infant, by MICHAEL J. KOEN, His Parent and Natural Guardian, et al., Appellants, v CARL Co. et al., Defendants, and GREENWOOD MILLS, INC., Respondent. (And Other Related Actions.)—Appeal from an order of the Supreme Court at Special Term, entered July 10, 1978 in Albany County, which granted summary judgment dismissing the complaint and cross claims as against the defendant, Greenwood Mills, Inc. This action involves recovery of damages for personal injuries sustained by the infant plaintiff in a fire. At the time, plaintiff was wearing a nylon jacket which melted, adhered to his skin and caused severe burns to his body. Plaintiff sued, among others, The Carl Co. which had sold the jacket; Billy Boy Sportswear Co., Inc., which manufactured the garment, and Greenwood Mills, Inc., and Bordow Corp. which allegedly supplied the fabric from which the jacket was made. Special Term granted summary judgment to Greenwood Mills, Inc., dismissing plaintiff's action against it on the ground that, as a matter of law, it could not have supplied the fabric. Appellant contends that such a motion should not have been granted because there exists a triable material issue of fact that requires resolution. We agree. Summary judgment should not be granted unless it clearly appears that no triable or material issue of fact exists as to the movant's liability (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439; Millerton Agway Coop. v Briarcliff Farms, 17 NY2d 57). This is so because the granting of such a motion is the procedural equivalent of a trial. In the present action, the affidavits fairly established that the type of fabric plaintiff wore when he was burned was Type No. 6 nylon. Greenwood Mills, Inc., offered an affidavit of one of its employees which stated that Greenwood used no Type No. 6 nylon at the time and, also, an affidavit from its supplier of yarn, Dupont, that a different type of nylon was purchased by Greenwood from Dupont, Type No. 66. These self-serving, exculpatory statements leave open the question of the credibility of the affiants. Credibility of persons having exclusive knowledge of facts should not be determined by affidavits submitted on summary judgment motions, but rather at trial by the trier of facts. Where, as here, the allegations of Greenwood relate to matters solely within its knowledge, plaintiff's inability to refute by evidentiary proof those allegations should not be held against plaintiff on the determination of the motion (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338). Order reversed, on the law, and matter remitted for trial, with costs to abide the event. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.