■ ELISA KAUFMAN, an Infant, by Her Father and Natural Guardian, BERTRAM KAUFMAN, Plaintiff, v LEDERLE LABORATORIES et al., Defendants, and MARTIN J. EVANS, Defendant and Third-Party Plaintiff-Respondent. LEDERLE LABORATORIES et al., Third-Party Defendants; WYETH LABORATORIES, INC., Third-Party Defendant-Appellant.—In an action, inter alia, to recover damages for personal injuries, the third-party defendant Wyeth Laboratories, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated May 25, 1989, as denied its cross motion for summary judgment dismissing the third-party complaint insofar as it is asserted against it without prejudice to renew upon the completion of disclosure.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action is to recover damages for personal injuries sustained by the plaintiff as a result of certain vaccines administered to her by the defendant third-party plaintiff Dr. Martin J. Evans and allegedly manufactured and distributed by the defendant pharmaceutical companies including the appellant Wyeth Laboratories, Inc. (hereinafter Wyeth).

On its cross motion for summary judgment, Wyeth submitted an affidavit of its managing director from 1975 to 1987. He claimed that a search of Wyeth's records undertaken at his direction for the period from June 30, 1978, through June 30, 1980, revealed that no sales or shipments of the injury-causing vaccine had been made to Dr. Evans or his suppliers during that time period, with the exception of one shipment of five vials with an expiration date of May 17, 1980, made to one of Dr. Evans's suppliers. In further support, an excerpt of Dr. Evans's deposition testimony was submitted in which Dr. Evans stated that if a vaccine date had expired, he would have discarded the vial. Claiming that the record demonstrates the plaintiff's injuries to have stemmed from a vaccine administered by Dr. Evans on June 30, 1980, Wyeth contends that it could not have been the manufacturer of the vaccine administered because the most recent vaccine it had distributed to one of Dr. Evans's suppliers would have expired 1½ months prior to the June 30, 1980, immunization of the plaintiff. This proof presented a prima facie defense sufficient to support Wyeth's application for summary judgment *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Kennerly v Campbell Chain Co.,* 133 AD2d 669, 670; *Decker v County of Albany,* 117 AD2d 966, 967; *Smith v Johnson Prods. Co.,* 95 AD2d 675, 676).

It was then incumbent upon Dr. Evans to come forward with evidence in admissible form sufficient to create a genuine triable issue of fact concerning the manufacturer and supplier of the injury-causing vaccine *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). With respect to the date of the injury-causing event, the plaintiff's bill of particulars served in response to Wyeth's demand and the third-party complaint identifies June 30, 1980, as the date upon which the vaccine alleged to have been manufactured by Wyeth was administered. Thus, although the plaintiff's complaint and her bill of particulars served in the main action in response to Dr. Evans's demand state that Dr. Evans's alleged negligent acts took place during a continuous course of treatment over a 14-year period, the operative date at least for purposes of the third-party action appears to be June 30, 1980.

However, the records utilized herein for the factual assertion that Wyeth did not manufacture the vaccine in question are within the exclusive knowledge of the moving party. Dr. Evans's application to strike Wyeth's answer for failure to submit to a deposition or, alternatively, to compel Wyeth to submit to a deposition was pending when Wyeth cross-moved for summary judgment. The courts are loathe to grant summary judgment where, as here, pertinent facts essential to oppose the motion are exclusively within the knowledge and control of the movant and may be revealed through pretrial discovery *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *Adelman v Island Holding Corp.,* 157 AD2d 637; *Koen v Carl Co.,* 70 AD2d 695). Thus, the Supreme Court properly denied Wyeth's cross motion for summary judgment without prejudice to renew upon the completion of disclosure. Thompson, J. P., Lawrence, Balletta and O'Brien, JJ., concur.