■ YUNG W. LEE et al., Appellants, v YRM, LTD., et al., Defendants, and RAND MANNING REAL ESTATE et al., Respondents. [614 NYS2d 156] —In an action to recover damages for fraud and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered January 27, 1992, which granted the motion of the

defendants Rand Manning Real Estate and Doris Manning for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

Contrary to the Supreme Court, we find that the plaintiffs provided proof in admissible form which raised an issue of fact with regard to the respondent Doris Manning's knowledge of the condition of the subject property, and whether she failed to disclose this to the plaintiffs prior to their purchase of it. The affidavit by the appellant Yung Lee recites facts relating to his discussions with Ms. Manning regarding the subject property prior to its purchase; therefore it meets the qualifications of CPLR 3212 (b) *(see, Tahini Invs. v Bobrowsky,* 99 AD2d 489). Accordingly, the Supreme Court should have denied the respondents' motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557).

In any event, summary judgment was not warranted in this instance because Ms. Manning has exclusive knowledge of the facts as to whether she was aware that the subject property was previously used as a landfill when she arranged its purchase on behalf of the plaintiffs. While ordinarily courts may not weigh the credibility of the affiants, where, as here, the key fact at issue is peculiarly within the movant's knowledge, summary judgment is ordinarily denied *(see,* CPLR 3212 [f]; *Kaufman v Lederle Labs.,* 169 AD2d 706; *Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252; *Koen v Carl Co.,* 70 AD2d 695; Siegel, NY Prac § 281, at 411 [2d ed]). Miller, J. P., Joy, Krausman and Florio, JJ., concur.