■ CHARLES GELO et al., Appellants, v CITY OF NEW YORK, Defendant, and STARR REALTY COMPANY (NE), LLC, Defendants and Third-Party Plaintiffs-Respondents. GIANNA MECHANICAL CORP., Third-Party Defendant-Respondent. (And Another Third-Party Action.) [823 NYS2d 699]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated December 30, 2005, as denied their motion for summary judgment on the issue of liability on their cause of action against the defendants Starr Realty Company (NE), LLC, Heartland Construction Corp., Review Avenue Construction Corp., and Heartland Land Construction Corp. alleging a violation of Labor Law § 240 (1) and, upon searching the record, awarded summary judgment to those defendants dismissing that cause of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Contrary to the plaintiffs' contention, the Supreme Court properly searched the record and awarded summary judgment

to the defendants third-party plaintiffs dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them since the permanently affixed ladder from which the injured plaintiff fell was a normal appurtenance to the building and was not designed as a safety device to protect the injured plaintiff from elevation-related risks (*see Gold v NAB Constr. Corp.*, 288 AD2d 434 [2001]; *Norton v Park Plaza Owners Corp.*, 263 AD2d 531 [1999]).

The plaintiffs' remaining contentions are without merit. Florio, J.P., Krausman, Fisher and Covello, JJ., concur.