■ MILTON WALKER, Appellant, v CITY OF NEW YORK et al., Respondents. [899 NYS2d 322]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief and oral argument, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated April 6, 2009, as granted the defendants' motion for summary judgment dismissing the causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured while working as a laborer, employed by a nonparty subcontractor, on a sewer repair project at premises allegedly owned by the defendants. The plaintiff descended down a manhole, into the sewer, and placed an inflatable balloon-type device inside the sewer pipe. As he was climbing up a permanently affixed ladder, and attempting to exit the manhole, the balloon exploded, causing him to fall to the sewer floor and sustain injuries. The plaintiff thereafter commenced this action to recover damages for his personal injuries. He alleged violations, inter alia, of Labor Law § 240 (1) and § 241 (6). In the order appealed from, the Supreme Court, among other things, granted the defendants' motion for summary judgment dismissing the complaint. We affirm the order insofar as appealed from.

Labor Law § 240 (1) provides exceptional protection for workers against the special hazards that arise when the work site itself is either elevated or positioned below the level where materials are being hoisted (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]; *Natale v City of New York*, 33 AD3d 772, 774 [2006]; *Gasques v State of New York*, 59 AD3d 666, 667 [2009]). There can be no liability under this statute, however, where "the proper safety devices were entirely sound and in place" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 292 [2003]).

Here, the defendants made a prima facie showing of entitlement to judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action. The plaintiff fell from a permanently affixed, properly functioning ladder, which was not defective (*see O'Donoghue v New York City School Constr. Auth.*, 1 AD3d 333, 335 [2003]). Although the plaintiff contends that a full-body harness would have prevented the injuries, the ladder was an adequate safety device for entering and exiting the sewer, and it satisfied the defendants' duties under Labor Law § 240 (1) (*see Blake v Neighborhood Hous. Servs.*, 1 NY3d at 286-292). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also properly held that the defendants were entitled to summary dismissal of the cause of action alleging a violation of Labor Law § 241 (6). The defendants demonstrated that the provisions of the Industrial Code allegedly violated were not applicable to the facts of this case and that the plaintiff, in opposition, failed to raise a triable issue of fact (*see Natale v City of New York*, 33 AD3d at 774). Contrary to the plaintiff's contentions, 12 NYCRR 23-4.4 concerns excava-

tion operations, and the plaintiff himself testified at his deposition that there was neither excavation going on immediately around the manhole, nor was there excavation involved in the incident itself.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the causes of action to recover damages for violations of Labor Law § 240 (1) and § 241 (6). Rivera, J.P., Dillon, Florio and Balkin, JJ., concur.