■ SHKELZEN MURATI, Appellant, v STEVEN HARRIS et al., Respondents, et al., Defendants. (And a Third-Party Action.) [985 NYS2d 51]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered November 4, 2013, which, insofar as appealed from, denied plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff was allegedly injured when he fell from a ladder while performing work at a house owned by defendants Steven and Bernice Harris. Defendants attempted to sell the house at a 60% markup only months after purchasing it, continuously attempted to sell it or rent it, discontinued cable and telephone service there in the same year that a tenant occupied it, and removed much of the furnishings from the home. However, defendant Steven Harris testified that his wife was no longer able to use the home because she could not climb stairs after she underwent knee surgery five months before defendants first listed the home for sale, and that he continued to use the house as a weekend home. Accordingly, there is conflicting evidence as to whether defendants intended to use the home for commercial or residential purposes, and therefore an issue of fact exists as to whether they are entitled to the homeowner exemption under Labor Law § 240 (1) (*see Davis v Maloney*, 49 AD3d 385 [1st Dept 2008]; *see generally Van Amerogen v Donnini*, 78 NY2d 880, 882 [1991]). Concur—Mazzarelli, J.P., Renwick, Feinman, Gische and Kapnick, JJ.