■ Javier Sanchez, Appellant, v Michael G. Palmiero et al., Respondents. (And a Third-Party Action.) [988 NYS2d 249]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 18, 2012, as granted those branches of the defendants' separate motions which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendant Michael G. Palmiero which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against him, and substituting therefor a provision denying those branches of his motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, payable by the defendant Michael G. Palmiero, and one bill of costs to the defendant American Claims, Inc., payable by the plaintiff.

The plaintiff, an employee of Peter Cooney Construction, was injured during the course of his employment as a roofer when he fell off the roof of a building owned by the defendant Michael G. Palmiero. The building, which was classified as a single-family structure by the City of New York, had been purchased approximately seven months prior to the accident, but was vacant at the time of the accident, as it was still under renovation. Following the completion of discovery, Palmiero, as well as the codefendant American Claims Adjustors, Inc. (hereinafter American Claims), a business operated by Palmiero, moved separately for summary judgment dismissing, inter alia, the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against each of them on the ground that they were entitled to the homeowner's exemption set forth under those sections of the statute. Palmiero argued that, at the time of the accident, it had been his intent to move into the structure following the completion of renovations and to use it as his primary residence, and that he was going to maintain only a small "home office" therein in which he would conduct his business. The Supreme Court granted the defendants' motions.

Initially, the Supreme Court properly granted American Claims' motion for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it. Palmiero and American Claims submitted evidence demonstrating that American Claims was

not an owner, contractor, or statutory agent (*see generally Jamindar v Uniondale Union Free School Dist.*, 90 AD3d 612, 617 [2011]; *Ortiz v I.B.K. Enters., Inc.*, 85 AD3d 1139, 1140-1141 [2011]), and the plaintiff failed to raise a triable issue of fact in opposition.

The homeowner's exemption under Labor Law §§ 240 (1) and 241 (6) to liability imposed upon property owners for work site accidents is available to "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law §§ 240 [1]; 241 [6]; *see Bartoo v Buell*, 87 NY2d 362, 367 [1996]; *Cannon v Putnam*, 76 NY2d 644 [1990]; *Holifield v Seraphim, LLC*, 92 AD3d 841 [2012]; *Chowdhury v Rodriguez*, 57 AD3d 121 [2008]). The "[u]se of a portion of a homeowner['s] premises for commercial purposes . . . does not automatically cause the homeowner to lose the protection of the exemption under this statute" (*Ramirez v Begum*, 35 AD3d 578, 578 [2006]; *see Small v Gutleber*, 299 AD2d 536 [2002]). "Rather, the exemption depends upon the site and purpose of the work" (*Ramirez v Begum*, 35 AD3d at 579; *see Bartoo v Buell*, 87 NY2d 362 [1996]; *Cannon v Putnam*, 76 NY2d 644 [1990]; *Stejskal v Simons*, 309 AD2d 853, 855 [2003], *affd* 3 NY3d 628 [2004]).

Here, Palmiero established his prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) on the ground that he was protected by the homeowner's exemption under the Labor Law. However, in opposition, the plaintiff raised a triable issue of fact as to whether the structure was to be used primarily as a residence or for commercial purposes when the renovations were completed (*see Krukowski v Steffensen*, 194 AD2d 179 [1993]). Accordingly, the Supreme Court should have denied those branches of Palmiero's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against him. Rivera, J.P., Balkin, Chambers and Miller, JJ., concur.