■ SERGIO BATZIN, Appellant, v DENNIS FERRONE, Respondent, et al., Defendant. [32 NYS3d 660]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), entered March 26, 2014, as granted that branch of the motion of the defendant Dennis Ferrone which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Dennis Ferrone which was for summary judgment dismissing the complaint insofar as asserted against him is denied.

The plaintiff allegedly was injured while using a table saw in the course of performing renovation work at a residential home in East Hampton (hereinafter the East Hampton home) owned by the defendant Dennis Ferrone (hereinafter the defendant). The plaintiff commenced this action against, among others, the defendant to recover damages pursuant to Labor Law §§ 240 (1) and 241 (6). The defendant moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him on the ground that he was entitled to the protection of the homeowner's exemption set forth in Labor Law §§ 240 (1) and 241 (6). The Supreme Court granted that branch of the motion.

Although the Labor Law generally imposes liability for worker safety on property owners and contractors, it exempts from liability "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law §§ 240 [1]; 241 [6]; see Sanchez v Palmiero, 118 AD3d 860, 862 [2014]). The exemption "was not intended to insulate from liability owners who use their one- or two-family houses purely for commercial purposes" (Lombardi v Stout, 80 NY2d 290, 296 [1992]; see Van Amerogen v Donnini, 78 NY2d 880, 882 [1991]).

"[R]enovating a residence for resale or rental plainly qualifies as work being performed for a commercial purpose" (Landon v Austin, 88 AD3d 1127, 1128 [2011]; see Freeman v Advanced Design Prods., Inc., 27 AD3d 1112 [2006]; Morgan v Rosselli, 23 AD3d 356, 357 [2005]). However, where a one- or two-family property serves both residential and commercial purposes, "[a] determination as to whether the exemption applies in a particular case turns on the nature of the site and the purpose of the work being performed, and must be based on the owner's intentions at the time of the injury" (Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 721 [2014]; see Bartoo

*v Buell*, 87 NY2d 362, 367-368 [1996]; *Sanchez v Palmiero*, 118 AD3d at 862).

Here, it is undisputed that the defendant purchased the East Hampton home with the intent of renovating it and reselling it at a profit, as he had done with 15 previous houses. While the defendant also claimed that he intended to live in the East Hampton home for two to four years prior to reselling it, he did not, in fact, reside there at any time prior to the plaintiff's accident. The evidence further shows that many of the materials for the job were shipped directly to the East Hampton home in the defendant's name, and contractors' invoices were likewise directed to the defendant.

At his deposition, the defendant testified that prior to reselling a renovated home, he would typically live in it for "two to four years," depending on prevailing market conditions, until a purchaser could be found. When the defendant purchased the East Hampton home, his intention was to do the same. However, approximately four months after moving into the East Hampton home when the renovations were complete, he listed it for sale. He explained that his reasons for doing so were twofold. First, his daughter was moving to a new boarding school and he "more than likely" would move to an area closer to her. Second, he reiterated that he makes his living by buying, redesigning, and reselling houses.

Under the circumstances presented, the defendant failed to establish his prima facie entitlement to judgment as a matter of law on the applicability of the homeowner's exemption (*see Murati v Harris*, 117 AD3d 432 [2014]). Among other things, as there is no evidence, other than the defendant's own deposition testimony, of his intent at the time of the accident to reside in the East Hampton home, his credibility should be resolved on cross-examination before a factfinder, rather than on summary judgment (*see Zhinminay v Cavus*, 41 AD3d 289 [2007]; *Lee v YRM, Ltd.*, 204 AD2d 282 [1994]; *Ellis v Allstate Ins. Co.*, 151 AD2d 543, 544 [1989]; *Denkensohn v Davenport*, 130 AD2d 860, 861 [1987]; *Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252, 262 [1984]; *see also* Siegel, NY Prac § 281 [5th ed 2011]).

As the defendant failed to meet his prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Chambers, J.P., Cohen, Duffy and Connolly, JJ., concur.