■ LAURA ESQUIVEL, Individually and as Administratrix of the Estate of RAUL ENCARNACION, Deceased, Appellant, v 2707 CRESTON REALTY, LLC, Respondent. [52 NYS3d 484]—

Appeal and cross appeal from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered November 3, 2014. The order, insofar as appealed from, denied that branch of the defendant's cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action. The order, insofar as cross-appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action and granted that branch of the defendant's cross motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In 2010, the plaintiff's decedent, an elevator mechanic, reported to a residential building owned by the defendant to address an issue with one of the building's elevators. The elevator motor room was located on the roof of the building and the entrance thereto was accessible only by climbing a fixed, permanent ladder. After completing his work in the motor room, the decedent began to descend the ladder when his foot allegedly slipped on one of the ladder's metal rungs, causing him to fall and sustain injuries.

Thereafter, the instant action was commenced against the defendant to recover damages for, inter alia, violations of Labor Law §§ 200 and 240 (1) and common-law negligence. The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The defendant cross-moved for summary judgment dismissing, inter alia, the causes of action alleging violations of Labor Law §§ 200 and 240 (1) and common-law negligence. The Supreme Court denied the plaintiff's motion, granted that branch of the defendant's motion which was to dismiss the causes of action alleging a violation of Labor Law § 200 and common-law negligence, and denied that branch of the defendant's motion which was to dismiss the cause of action alleging a violation of Labor Law § 240 (1). The defendant appeals and the plaintiff cross-appeals.

The Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor

Law § 240 (1). The defendant failed to establish, prima facie, that the plaintiff's decedent was not engaged in a covered activity at the time of the injury. To the contrary, the record evidence supports the plaintiff's contention that the decedent was repairing a malfunctioning elevator car when the accident occurred (*see Riccio v NHT Owners, LLC*, 51 AD3d 897, 898-899 [2008]).

Moreover, under the circumstances presented, the permanently affixed ladder, which provided the only means of access to the elevated motor room, functioned as a "safety device" within the meaning of the statute (Labor Law § 240 [1]; *see Walker v City of New York*, 72 AD3d 936, 937 [2010]; *Priestly v Montefiore Med. Ctr./Einstein Med. Ctr.*, 10 AD3d 493, 494 [2004]; *Crimi v Neves Assoc.*, 306 AD2d 152, 153 [2003]; *Santamaria v 1125 Park Ave. Corp.*, 249 AD2d 16, 17 [1998]; *Cabri v ICOS Corp. of Am.*, 240 AD2d 456, 456-457 [1997]; *see also Cordeiro v TS Midtown Holdings, LLC*, 87 AD3d 904, 905 [2011]; *cf. Gelo v City of New York*, 34 AD3d 636, 637 [2006]; *Norton v Park Plaza Owners Corp.*, 263 AD2d 531 [1999]).

The defendant's remaining contentions with respect to the denial of that branch of its cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action are without merit.

Turning to the cross appeal, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability with respect to the Labor Law § 240 (1) cause of action, as the evidence submitted on the plaintiff's motion raised triable issues of fact as to whether the ladder afforded the decedent adequate protection for entering and exiting the motor room (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289-290 [2003]; *Walker v City of New York*, 72 AD3d at 937; *Campise v Cohen*, 302 AD2d 332, 333 [2003]).

The Supreme Court also properly granted those branches of the defendant's cross motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. "As has been often noted, Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work" (*Chowdhury v Rodriguez*, 57 AD3d 121, 127 [2008]). "Where a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a [property owner] may be liable under Labor Law § 200 if it 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condi-

tion' " (*Rojas v Schwartz*, 74 AD3d 1046, 1047 [2010], quoting *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Here, the defendant established, prima facie, that it did not create the allegedly dangerous condition, or have actual or constructive notice of such condition. In opposition, the plaintiff failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Chambers, J.P., Hall, Maltese and Brathwaite Nelson, JJ., concur.