■ JOSEPH DUPRE, Appellant, v WILLIAM S. ARANT, Defendant, and GYMO ARCHITECTURE, ENGINEERING & LAND SURVEYING, P.C., Respondent. (Appeal No. 1.) [56 NYS3d 725]—

Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered March 22, 2016. The order granted the motion of defendant GYMO Architecture, Engineering & Land Surveying, P.C., for summary judgment and dismissed the complaint and any cross claims against said defendant.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff was allegedly injured while working at property owned by defendant William S. Arant. The property was purchased by Arant in 1989 with the intention of using it as his residence. However, Arant ultimately obtained employment out-of-state and never lived on the property. In 2012, Arant listed the property for sale and entered into a contract with plaintiff's employer, third-party defendant Independent Commercial Contractors, Inc. (ICC), to remove debris from the property. Because of concerns that asbestos might be present, defendant GYMO Architecture, Engineering & Land Surveying, P.C. (GYMO) was also retained to monitor air quality on the property.

At the time of plaintiff's accident, he was cutting a hole, using a six-foot ladder and a demolition saw, in a large tank that had been excavated from the property earlier in the day. Something inside the tank either caught fire or exploded, causing plaintiff to be blown from, or to jump from, the ladder and suffer the alleged injuries.

Plaintiff thereafter commenced this action against Arant and GYMO, asserting claims based on common-law negligence and the violation of Labor Law §§ 200, 240 (1), and 241 (6).

In appeal No. 1, Supreme Court granted GYMO's motion for summary judgment dismissing the complaint and any cross claims against it on the ground that GYMO had no duty to plaintiff concerning the work on the tank. In appeal No. 2, the court denied plaintiff's motion for partial summary judgment against Arant on his Labor Law § 240 (1) claim, and granted Arant's cross motion for summary judgment dismissing the complaint against him. The court dismissed plaintiff's common-law negligence and Labor Law § 200 claims against Arant on the ground that Arant did not control the activity bringing about the injury. The court also dismissed the section 240 (1) claim on the ground that the injury was the result of ordinary construction-related risks, not a risk associated with elevation. Finally, the court determined that the claims pursuant to sections 240 (1) and 241 (6) should be dismissed under the homeowner exemption, reasoning that Arant had purchased the property to reside there, and that the injury-producing work resulted from the demolition of a dwelling.

With respect to appeal No. 1, we agree with the court that GYMO met its initial burden of establishing its entitlement to judgment as a matter of law, and we conclude that plaintiff failed to raise an issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to plaintiff's contention, GYMO was not a construction manager with the ability to control the injury-producing activity (see generally Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]).

With respect to appeal No. 2, we conclude, first, that the court erred in determining that Arant is entitled to the homeowner exemption. The Labor Law exempts from liability "owners of one and two-family dwellings who contract for but do not direct or control the work" (§§ 240 [1]; 241 [6]). The exemption "was not intended to insulate from liability owners who use their one- or two-family houses purely for commercial purposes" (Lombardi v Stout, 80 NY2d 290, 296 [1992]; see Van Amerogen v Donnini, 78 NY2d 880, 882 [1991]). " '[R]enovating a residence for resale or rental plainly qualifies as work being performed for a commercial purpose' " (Batzin v Ferrone, 140 AD3d 1102, 1103 [2016]; see Landon v Austin, 88 AD3d 1127, 1128 [2011]). "However, where a one-or two-family property serves both residential and commercial purposes, '[a] determination as to whether the exemption applies in a particular case turns on the nature of the site and the purpose of the work be-

ing performed, and must be based on the owner's intentions at the time of the injury' " (*Batzin*, 140 AD3d at 1103; *see Caiazzo v Mark Joseph Contr., Inc.*, 119 AD3d 718, 721 [2014]).

Here, Arant purchased the property in 1989 with the intention of using it as his residence, but he never resided on the property. Years prior to the accident herein, Arant demolished all of the residential structures on the property, and there is nothing in the record to suggest that Arant ever intended to build a new residence on the property. Arant hired ICC to remove piles of debris on the property solely to improve the property for sale, and the property was in fact sold after the work was completed. Under those circumstances, we conclude that the work being performed was solely for a commercial purpose, and thus, Arant failed to meet his burden of establishing that he is entitled to benefit from the homeowner exemption as a matter of law (*see Batzin*, 140 AD3d at 1103-1104; *see also Custer v Jordan*, 107 AD3d 1555, 1558 [2013]).

We conclude, however, that the court properly granted Arant's cross motion seeking dismissal of the Labor Law §§ 240 (1) and 241 (6) claims against him. With respect to the Labor Law § 240 (1) claim, it is well settled that the mere fall from a ladder in and of itself does not give rise to an award of damages under the Labor Law (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288 [2003]). Rather, "[t]o establish a violation of Labor Law § 240 (1), a plaintiff must show not only that he [or she] fell at a construction site, but also that he or she did so because of the absence or inadequacy of a safety device" (*Kuntz v WNYG Hous. Dev. Fund Co. Inc.*, 104 AD3d 1337, 1338 [2013]; *see Blake*, 1 NY3d at 288-289).

Here, plaintiff makes the bare assertion that Arant did not provide any adequate safety devices. Plaintiff testified at his deposition, however, that the ladder he was using was properly placed next to the tank and that all four feet were planted such that it was not tipping or moving. Plaintiff admitted that he was not at a high enough elevation to need a harness, nor did he believe that the ladder needed to be secured to the tank in any way. Plaintiff further testified that he had all of the safety equipment necessary to perform the job. Additionally, there is no indication in the record that plaintiff's fall was caused by any failure in the ladder (*cf. Alati v Divin Bldrs., Inc.*, 137 AD3d 1577, 1578 [2016]). Plaintiff claimed, instead, that he was "blown" from the ladder, either from the force of the fire that came out of the tank, or by the tank actually knocking into him during the fire and/or explosion (*see Walker v City of New York*, 72 AD3d 936, 937 [2010]).

Therefore, we agree with the court that plaintiff's "injury did not occur because of a risk associated with elevation, but rather from the usual and ordinary risks of the construction site, in this case an explosion." Arant thus established that "plaintiff was not exposed to any risk that safety devices of the kind enumerated in Labor Law § 240 (1) would have protected against," and plaintiff failed to raise a triable issue of fact in opposition (*Garcia v Market Assoc.*, 123 AD3d 661, 663 [2014]; *see generally Morrison v Christa Constr.* [appeal No. 2], 305 AD2d 1004, 1006 [2003], *lv denied* 1 NY3d 505 [2004]).

Finally, plaintiff's Labor Law § 241 (6) claim against Arant is premised upon a violation of 12 NYCRR 23-1.25 (f). Plaintiff has failed to allege, however, that, at the time of the accident, he was engaged in any activity covered by that regulation, i.e., welding or flame-cutting operations (*see* 12 NYCRR 23-1.25 [d]). The court therefore properly granted the cross motion insofar as it sought dismissal of the section 241 (6) claim. Present—Carni, J.P., Lindley, DeJoseph, Curran and Troutman, JJ.