Hannan v Freeman (2019 NY Slip Op 01396)





Hannan v Freeman


2019 NY Slip Op 01396


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-12531
 (Index No. 503109/12)

[*1]MD Hannan, et al., appellants, 
v
Geoffrey Freeman, respondent (and a third-party action).


Omrani & Taub, P.C., New York, NY (James L. Forde of counsel), for appellants.
Rebore, Thorpe & Pisarello, P.C., Farmingdale, NY (Brian A. A'Hearn and Michelle S. Russo of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated November 4, 2016. The order, insofar as appealed from, upon reargument, vacated so much of an order of the same court dated January 13, 2016, as denied that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and thereupon granted that branch of the defendant's motion.
ORDERED that the order dated November 4, 2016, is reversed insofar as appealed from, on the law, with costs, and upon reargument, the determination in the order dated January 13, 2016, denying that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) is adhered to.
The plaintiff MD Hannan (hereinafter the injured plaintiff) allegedly was injured while working on a scaffold outside a brownstone building owned by the defendant and located at 47 Montgomery Place in Brooklyn (hereinafter the premises). Approximately one month after the accident, the injured plaintiff, and his wife suing derivatively (hereinafter together the plaintiffs), commenced this action alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). After discovery, the defendant moved for summary judgment dismissing the complaint. In an order dated January 13, 2016, the Supreme Court, inter alia, denied that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), finding that there were triable issues of fact as to whether the premises qualified as a one or two-family dwelling. Thereafter, the defendant moved for leave to renew and reargue that branch of his prior motion. In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for leave to reargue and, upon reargument, granted that branch of the defendant's prior motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
Pursuant to Labor Law §§ 240(1) and 241(6), owners of one-family and two-family dwellings who contract for but do not direct or control the work are specifically exempted from liability thereunder (see Diaz v Trevisani, 164 AD3d 750). Here, the defendant demonstrated, prima facie, that the premises were improved by a one-family or two-family dwelling, and that he did not [*2]direct or control the work being performed there (see Diaz v Trevisani, 164 AD3d 750; Nicholas v Phillips, 151 AD3d 731; Abdou v Rampaul, 147 AD3d 885, 886; Parise v Green Chimneys Children's Servs., Inc., 106 AD3d 970). In opposition, however, the plaintiffs raised a triable issue of fact as to whether the premises were, in fact, a three-family dwelling and not entitled to the protection of the homeowners' exemption (see generally Sanchez v Palmiero, 118 AD3d 860; cf. Assevero v Hamilton & Church Props., LLC, 131 AD3d 553, 555-556).
Accordingly, the Supreme Court, upon reargument, should have adhered to its prior determination in the order dated January 13, 2016, denying that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court