Pawelic v Siegel (2023 NY Slip Op 05268)

Pawelic v Siegel

2023 NY Slip Op 05268

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2021-03807
 (Index No. 719255/18)

[*1]Stanislaw Pawelic, etc., respondent, 
v
Asa N. Siegel, et al., appellants.

Martyn, Smith, Murray & Yong, Hauppauge, NY (Laurie M. Lewis and Shahid Mumtaz of counsel), for appellants.
The Platta Law Firm, PLLC, New York, NY (Michael L. Taub of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, the defendants appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered May 19, 2021. The order, insofar as appealed from, upon reargument, vacated so much of an order of the same court entered January 14, 2021, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and thereupon, denied those branches of the defendants' motion.
ORDERED that the order entered May 19, 2021, is affirmed insofar as appealed from, with costs.
In November 2017, while performing work on property owned by the defendants, Marian Pawelic (hereinafter the decedent) fell while repairing a roof, sustained injuries, and subsequently died. The plaintiff, as the administrator of the decedent's estate, commenced this action to recover damages for the decedent's personal injuries and wrongful death, alleging violations of Labor Law §§ 240(1) and 241(6), among other things.
The defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that they were entitled to the protection of the homeowner's exemption set forth in Labor Law §§ 240(1) and 241(6). In opposition to the motion, the plaintiff submitted evidence that the defendants had rented the property prior to the accident, and listed the property for sale following the accident. In reply, the defendants submitted additional affidavits responding to the allegations raised in opposition. In an order entered January 14, 2021, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint.
The plaintiff moved for leave to reargue his opposition to those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). In an order entered May 19, 2021, the Supreme Court granted leave to reargue, and, upon reargument, vacated so much of the order entered January 14, 2021, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and [*2]thereupon, denied those branches of the prior motion. The defendants appeal from the order entered May 19, 2021.
Labor Law §§ 240(1) and 241(6) impose nondelegable duties upon property owners to comply with certain safety practices for the protection of workers engaged in certain activities, including repairs. Both statutes exempt from liability "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law §§ 240[1]; 241[6]). The exemption "was not intended to insulate from liability owners who use their one- or two-family houses purely for commercial purposes" (Lombardi v Stout, 80 NY2d 290, 296; see Van Amerogen v Donnini, 78 NY2d 880, 882). "[R]enovating a residence for resale or rental plainly qualifies as work being performed for a commercial purpose" (Landon v Austin, 88 AD3d 1127, 1128; see Batzin v Ferrone, 140 AD3d 1102, 1103). Where the property serves both residential and commercial purposes, "[a] determination as to whether the exemption applies in a particular case turns on the nature of the site and the purpose of the work being performed, and must be based on the owner's intentions at the time of the injury" (Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 721; see Bartoo v Buell, 87 NY2d 362, 368; Batzin v Ferrone, 140 AD3d at 1103).
Here, the Supreme Court properly concluded that the defendants failed to eliminate triable issues of fact as to whether they were entitled to the homeowner's exemption to Labor Law §§ 240(1) and 241(6), including whether the premises had a commercial purpose and whether the work the decedent performed related to a commercial purpose of the property (see Hannan v Freeman, 169 AD3d 1016, 1017; Sanchez v Palmiero, 118 AD3d 860, 862).
To the extent that the defendants rely upon their affidavits submitted in reply to establish their prima facie case, a party moving for summary judgment cannot meet its prima facie burden with evidence submitted for the first time in reply (see Cox v 118 E. 60th Owners, Inc., 189 AD3d 1169, 1170; Henriquez v Clarence P. Grant Hous. Dev. Fund Co., Inc., 186 AD3d 577, 578). To the extent that the affidavits are properly considered in response to allegations raised in the plaintiff's opposition papers (see Citimortgage, Inc. v Espinal, 134 AD3d 876, 879-880; Conte v Frelen Assoc., LLC, 51 AD3d 620, 621), they failed to eliminate triable issues of fact.
The defendants' remaining contention is without merit. In light of our determination, we do not reach the plaintiff's remaining contention.
Accordingly, the Supreme Court, upon reargument, properly denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court