Reyes v Rahman (2025 NY Slip Op 06348)

Reyes v Rahman

2025 NY Slip Op 06348

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-01041
 (Index No. 720593/20)

[*1]Jose Cuervo Reyes, appellant, 
v
Mohammad Rahman, respondent, et al., defendants.

William Schwitzer & Associates, P.C., New York, NY (Travis K. Wong of counsel), for appellant.
Clausen Miller, P.C., New York, NY (David A. Peskanov of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lumarie Maldonado Cruz, J.), entered December 14, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendant Mohammad Rahman which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against him and denied the plaintiff's cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against that defendant.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendant Mohammad Rahman which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against him, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained while working at premises owned by the defendant Mohammad Rahman (hereinafter the defendant) when a ladder on which the plaintiff was standing shifted, causing him to fall. The defendant moved, inter alia, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against him, arguing, among other things, that he was entitled to the protection of the homeowner's exemption set forth in those statutes. The plaintiff opposed the defendant's motion and cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant. In an order entered December 14, 2023, the Supreme Court, inter alia, granted those branches of the defendant's motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"Although the Labor Law generally imposes liability for worker safety on property owners and contractors, it exempts from liability 'owners of one and two-family dwellings who contract for but do not direct or control the work'" (Batzin v Ferrone, 140 AD3d 1102, 1103, quoting Labor Law §§ 240[1]; 241[6]). However, "[t]he exemption 'was not intended to insulate from liability owners who use their one- or two-family houses purely for commercial purposes'" (Pawelic v Siegel, 220 AD3d 883, 884, quoting Lombardi v Stout, 80 NY2d 290, 296; see Argueta v Hall & [*2]Wright, LLC, 230 AD3d 1200, 1203). "'[R]enovating a residence for resale or rental plainly qualifies as work being performed for a commercial purpose'" (Batzin v Ferrone, 140 AD3d at 1103, quoting Landon v Austin, 88 AD3d 1127, 1128). "Where the property serves both residential and commercial purposes, [a] determination as to whether the exemption applies in a particular case turns on the nature of the site and the purpose of the work being performed, and must be based on the owner's intentions at the time of the injury" (Pawelic v Siegel, 220 AD3d at 884 [internal quotation marks omitted]; see Batzin v Ferrone, 140 AD3d at 1103).
Here, the defendant failed to eliminate triable issues of fact as to whether he was entitled to the homeowner's exemption, including whether the work being performed related to a commercial purpose of the premises (see Pawelic v Siegel, 220 AD3d at 885) and whether the defendant intended to use the premises as a three-family dwelling (see Assevero v Hamilton & Church Props., LLC, 131 AD3d 553, 556-557; Hossain v Kurzynowski, 92 AD3d 722, 724). Since the defendant failed to meet his initial burden, those branches of his motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against him should have been denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court properly denied the plaintiff's cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant. In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law (see Lochan v H & H Sons Home Improvement, Inc., 216 AD3d 630, 632), the defendant raised triable issues of fact regarding the applicability of the homeowner's exemption (see Chorzepa v Brzyska, 143 AD3d 935, 937).
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court